**Brett C. KIMBERLIN, Plaintiff,**

v.

**J. Michael QUINLAN, et al., Defendant.**

**Civ. A. No. 90–1549.**

United States District Court,
District of Columbia.

Oct. 1, 1992.

See also 774 F.Supp. 1.

Stuart F. Pierson, Davis, Wright Remaine, Washington, D.C., for Cable News Network, Inc.

R. Joseph Sher, Sr. Trial Counsel, Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

ORDER

HAROLD H. GREEN, District Judge.

Before the Court is the September 25, 1992 motion of Cable Network News, Inc. ("CNN") for an order "confirming its right" to attend, observe, videotape and report on the depositions of current and former public officials involved in the above captioned case. CNN has also moved for an expedited briefing schedule in order to have this issue settled prior to the October 2, 1992 deposition of former Attorney General Richard Thornburgh.

For the reasons stated below, this Court denies CNN's motion requesting permission to attend the deposition of Richard Thornburgh and other individuals deposed in this case. The motion for an expedited briefing schedule is also denied as moot.

"[P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law ... and, in general, they are conducted in private as a matter of modern practice." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 2208, 81 L.Ed.2d 17 (1984); *See also In re The Reporters Comm. For Freedom of the Press, et al.*, 773 F.2d 1325, 1338 (D.C.Cir.1985) ("It can thus hardly be said that there was a tradition, or is even now a general practice, of public access to pretrial depositions").

■ In its reply papers CNN "asserts", without legal authority, "a right under the Federal Rules of Civil Procedure to attend and report on depositions." CNN's Reply to Defendants' Opposition to CNN's Motion to Accelerate Time For Responding, at 4. CNN's original motion also fails to state

the basis for the alleged right to attend the depositions in this case.[1]

Where courts have been asked to rule on this question, media representatives have not had much success. Depositions, one court in California stated, "are not a judicial trial, nor a part of a trial, but a proceeding preliminary to a trial, and neither the public nor representatives of the press have a right to be present at such taking." *Times Newspapers, Ltd. v. McDonnell Douglas Corp.*, 387 F.Supp. 189, 197 (C.D.Cal.1974).

The court in *Times Newspapers* noted that depositions are only open to the public in antitrust actions brought by the United States. *Id.* at 196. Under 15 U.S.C. § 30, depositions conducted in cases brought by the United States under the Sherman Act are "open to the public as freely as are trials." 15 U.S.C.A. § 30 (1973) & (1992 West Supp.). This specific statutory provision, the Court concluded, was intended to exempt only these antitrust actions from the implicit assumption in the Federal Rules of Civil Procedure that a "deposition is not a trial, and the rights of the press are not ... even involved." *Id.* at 196–97. *See also* 8 Wright & Miller, *Federal Practice and Procedure* § 2041 (1992 Supp.) ("it has been held that neither the public nor representatives of the press have a right to be present at the taking of a deposition").

■ In its motion CNN correctly articulates the "good cause" standard used to determine whether protective orders are necessary to safeguard a party's privacy or commercial interests during the discovery process. *See* Fed.R.Civ.P. 26(c). However, at this stage in the proceedings, where the defendants consent to the deposition and it has not yet even been completed, a discussion of the appropriateness of a protective order is premature.[2]

Once the depositions have been completed and filed with this Court pursuant to Rule 30(f)(1) of the federal rules and Local Rule 107, the rights of CNN and the general public to inspect these materials are governed by different standards. However, this issue is entirely separate from the question currently before the Court.

■ Denial of CNN's motion does not foreclose the media's right to gain access at some point to the information revealed at the deposition of Richard Thornburgh or other individuals in this case. It only denies CNN the right to be present at the actual taking of these depositions.

Finally, apart from the lack of legal authority for CNN's claim, public policy and concerns for judicial economy strongly militate against allowing CNN to attend this deposition. Allowing the media to attend every deposition in any case of public interest would significantly hinder the discovery process and burden the courts with increased litigation over discovery issues.

Upon consideration of these facts, it is this 1st day of October,

ORDERED, that CNN is not permitted to attend, observe, videotape or report the deposition of Richard Thornburgh or other individuals in this case; and it is further

ORDERED, that CNN's Motion to Accelerate Time for Responding be denied as moot.

---

1. A thorough review of case law finds only one instance where media representatives were permitted to attend a deposition. *See Avirgan v. Hull,* 118 F.R.D. 252 (D.D.C.1987). Unlike this case, *Avirgan* involved a motion for a protective order brought by a third party deponent. In denying the protective order, the trial judge acknowledged that it was a "unique case" and that the attendance of the press at a deposition was an "unorthodox practice." *Id.* at 257.

2. CNN's motion, in effect, takes the form of an opposition to a motion for a protective order. The defendants have not filed a motion for a protective order to exclude the media from attendance at depositions. Such a motion is not needed to exclude a person who is not a party to the litigation from attending a pretrial deposition.