Anthony M. AMATO and A. Michael Scott, Sr., Plaintiffs,

v.

CITY OF RICHMOND, et al., Defendants.

Civ. A. No. 3:94cv193.

United States District Court, E.D. Virginia, Richmond Division.

July 20, 1994.

Kenneth Francis Hardt, Michael Joseph Kelly, Hardt & Kelly, P.C., Richmond, VA, for plaintiffs.

William J. Hoppe, Glen Franklin Koontz, Office of City Atty., Richmond, VA, for defendants.

## MEMORANDUM OPINION AND ORDER

ROBERT E. PAYNE, District Judge.

Richmond Newspapers, Incorporated ("RNI") has moved for leave to intervene in this action for the purpose of attending certain depositions to be taken during the pretrial discovery phase of this action. For the reasons stated below, RNI's motion is denied.

### STATEMENT OF FACTS

Anthony M. Amato and A. Michael Scott, Sr. instituted actions against the City of Richmond and members of its police department alleging that the defendants engaged in various violations of their federally protected civil rights and committed other wrongs actionable under the law of Virginia. Those actions have been consolidated for discovery and trial.

The parties presently are engaging in discovery. Depositions of the parties and a number of witnesses are scheduled to be held during the next month. RNI, through one of its newspaper reporters, learned of the times and dates that these depositions are scheduled to occur. RNI asked counsel for both sides if they would object to the presence of a newspaper reporter at the depositions. When first presented with this request, plaintiffs counsel did not object.[1] Counsel for the defendants, however, objected to the requests, and subsequently RNI filed its motion to intervene for the purpose of attending the depositions.[2]

### DISCUSSION

RNI, citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 104 S.Ct. 2199, 81

1. At the hearing, plaintiffs' counsel modified their position on this issue. They stated that while in general they took no position on RNI's presence at the depositions, they opposed the presence of a reporter during questioning on certain topics which are subject to a protective order.

2. The motion is filed only in *Scott v. City of Richmond*, 3:94cv193, but will be considered as made in both actions.

L.Ed.2d 17 (1984), candidly and correctly acknowledged both in its memorandum in support of the motion and at the hearing that it has no First Amendment right to attend the depositions. This is because "[p]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law ... and, in general, they are conducted in private as a matter of modern practice." *Seattle Times v. Rhinehart,* 467 U.S. at 33, 104 S.Ct. at 2208; *See also In re The Reporters Comm. For Freedom of the Press, et al.,* 773 F.2d 1325, 1338 (D.C.Cir.1985) ("It can thus hardly be said that there was a tradition, or is even now a general practice, of public access to pretrial depositions").

Taking their lead from *Seattle Times,* courts generally have denied requests of reporters to attend depositions. The rationale for this result is stated succinctly in *Times Newspapers, Ltd. v. McDonnell Douglas Corp.,* 387 F.Supp. 189, 197 (C.D.Cal.1974) wherein the court held that depositions "are not a judicial trial, nor a part of a trial, but a proceeding preliminary to a trial, and neither the public nor representatives of the press have a right to be present at such taking." *See also Kimberlin v. Quinlan,* 145 F.R.D. 1, 2 (D.C.D.C.1992) (denying press attendance of depositions). In reaching this conclusion, the court in *Times Newspapers* observed that depositions are freely open to the public only in antitrust actions brought by the United States. *Id.* at 196. Under 15 U.S.C. § 30, depositions conducted in cases brought by the United States under the Sherman Act are "open to the public as freely as are trials." 15 U.S.C.A. § 30 (1973) & (1992 West.Supp.). However, as explained in *Kimberlin v. Quinlan,* "this specific statutory provision ... was intended to exempt only these antitrust actions from the implicit assumption in the Federal Rules of Civil Procedure that a 'deposition is not a trial, and the rights of the press are not ... even involved.'" 145 F.R.D. at 2 (quoting *Times Newspapers v. McDonnell Douglas,* 387 F.Supp. at 196–97). *See also* 8 Wright and Miller, *Federal Practice and Procedure* § 2041 (1992 Supp.) ("it has been held that neither the public nor representatives of the press have a right to be present at the taking of a deposition").

RNI correctly notes that the court would have been required to apply the "good cause" standard had one of the parties sought a protective order under Fed.R.Civ.P. 26(c) to bar the press from the depositions. However, as in *Kimberlin v. Quinlan,* the court here finds that a discussion of the appropriateness of a protective order is premature. 145 F.R.D. at 2. Once the depositions have been completed and filed with the court, the rights of RNI and the general public to inspect these materials are governed by different standards. *Id.* However, this issue is not presently before the court. Moreover, as noted by the court in *Kimberlin v. Quinlan,* denial of RNI's motion "does not foreclose the media's right to gain access at some point to the information revealed at the deposition[s] ... it only denies [RNI] the right to be present at the actual taking of these depositions." 145 F.R.D. at 2.

█ Finally, the court agrees with the decision in *Quinlan* that public policy and concerns for judicial economy "strongly militate" against allowing RNI to attend the depositions. 145 F.R.D. at 2. "Allowing the media to attend every deposition in any case of public interest would significantly hinder the discovery process and burden the courts with increased litigation over discovery issues." *Id.* This is particularly true where, as here, the depositions can be expected to involve inquiry into topics which are covered by a pre-existing protective order which was issued due to personal safety concerns raised by the plaintiffs.

## CONCLUSION

Upon consideration of the facts and decisional law, the court hereby denies RNI's motion to attend depositions in this matter, and hereby orders that RNI is not permitted to attend, observe, or videotape the depositions of individuals in this case.

It is so ORDERED.